IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE C. R.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 3536 |
| v. | ) |
| | ) Magistrate Judge |
| MARTIN J. O'MALLEY, | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jose C. R.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [17] is granted in part, and the Commissioner's cross-motion for summary judgment [21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the initials of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 17, 2020, Plaintiff filed a claim for DIB, alleging disability since October 5, 2019. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on October 1, 2021, and all participants attended the hearing by telephone. Plaintiff was represented by counsel and he appeared and testified at the hearing with the assistance of a Spanish interpreter. A vocational expert ("VE") also testified.

On October 12, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 5, 2019. At step two, the ALJ concluded that Plaintiff had a severe impairment of lumbar degenerative disc disease. The ALJ concluded at step three that Plaintiff's

impairments, alone or in combination, do not meet or medically equal any listed impairments. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he could frequently crawl. At step four, the ALJ determined that Plaintiff had insufficient evidence about his past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as

4

adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly assess Plaintiff's statements; (2) the ALJ's RFC finding was not supported by proper explanation or substantial evidence; and (3) the ALJ's ultimate decision is unsupported.

For his first argument, Plaintiff contends that the ALJ's credibility determination is erroneous. ([17] at 6-8.) Pertinent to Plaintiff's assertion, in her decision, the ALJ summarized Plaintiff's alleged symptoms and noted his reports that "he continues to have constant back pain that radiates to the hips despite having back surgery in the 1990s." (R. 26.) The ALJ further noted Plaintiff's testimony that "the injections to his back have not been effective and have made his back pain worse." (*Id*.) The ALJ also noted Plaintiff's allegation that "bending and lifting things above his hips makes the back pain worse." (*Id*.) The ALJ then offered the following boilerplate statement:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(*Id*.)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, it is "well-settled law that mere

6

boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth 'specific reasons' for discounting subjective reports of symptoms." *Andrew D. v. Kijakazi*, No. 20 C 6091, 2023 WL 2683468, at *3 (N.D. Ill. Mar. 29, 2023) (citations omitted). Accordingly, an ALJ errs when she "uses boilerplate without specifying the reasons for discounting symptoms." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Under this legal framework, the Court finds that the ALJ erred in this case as she did not provide sufficient reasoning for rejecting Plaintiff's allegations. *See Grose v. Kijakazi*, No. 21 C 5866, 2023 WL 2572453, at *7 (N.D. Ill. Mar. 20, 2023). In addition to the boilerplate statement set forth above, the ALJ later stated in a similarly general fashion: "I further find the evidence generally does not support the alleged loss of functioning." (R. 28.) The ALJ also stated in a vague fashion: "I do not find the claimant's testimony regarding the severity or frequency of his symptoms to be fully consistent with the evidence or supportive of any greater limitations or restrictions than those I have included in the residual functional capacity set forth in this decision." (*Id.* at 29.) Sandwiched in between those boilerplate statements, the ALJ offered the following recitation:

> The record does not contain any medical opinions from treating doctors imposing work-related limitations. Within the Function Reports he did not indicate having any medication side effects. I note the claimant apparently had back surgery in the 1990s in Puerto Rico. His alleged onset date is October 5, 2019, but he really did not seek referrals from primary care until August 2020, and then he started treatment at Midwest Orthopedics shortly thereafter, in October 2020 which is one year after the alleged onset date. He had about five sessions of physical therapy in November 2020 and reported it did not help his pain. Therefore, he was discharged from physical therapy and instructed to

7

> perform a home exercise program and discuss his back complaints with his doctor. He then had epidural steroid injections in February 2021, lumbar facet injection February 2021 and lumbar medial block branch in May 20201. At orthopedic examinations at Rush, he had some reduced range of motion but generally normal neurological findings. An updated lumbar MRI in January 2021 showed no significant changes from the study done in 2017 that overall showed stable degenerative disc disease. I find the evidence generally does not support the alleged loss of functioning.

(*Id.* at 28-29 (citations omitted).)

Despite this recitation, the problem here is that the ALJ offered no actual analysis of Plaintiff's alleged symptoms. *See Andrew D.*, No. 2023 WL 2683468 at *3 ("The ALJ did not sufficiently discuss how the record evidence undermined Claimant's credibility nor did she adequately explain which allegations were not supported by the medical evidence."). The reasons for the ALJ's adverse credibility determination are unclear, as Plaintiff's back surgery, physical therapy (that did not help his pain), multiple injections, and reduced range of motion (all set forth in the above quoted passage) would appear to support Plaintiff's subjective symptoms rather than undermine them. Simply put, the Court is unable to determine why the ALJ concluded that Plaintiff's allegations were not fully corroborated. *See Cardenas v. Berryhill*, No. 17 CV 8242, 2018 WL 5311899, at *5 (N.D. Ill. Oct. 26, 2018) ("[T]he ALJ did not provide a sufficient explanatory basis for her adverse credibility finding in this regard, and the Court is unable to trace the logical path between this evidence and her conclusion.").

In responding to Plaintiff's argument concerning his subjective symptoms and arguing that the ALJ's analysis was sufficient, Defendant generally points to the ALJ's summation of the objective evidence, prior administrative medical

8

findings, Plaintiff's medications, Plaintiff's treatment, and Plaintiff's daily activities. ([22] at 2-5.) However, that rebuttal is unavailing because "an evidentiary summary is not adequate to support a symptom analysis." *Frazier v. Berryhill*, No. 17 C 8484, 2019 WL 157911, at *6 (N.D. Ill. Jan. 10, 2019) (citations omitted). Ultimately, the ALJ's failure to sufficiently and explicitly analyze Plaintiff's symptoms requires that this matter be remanded. *See Thomas v. Colvin*, No. 11 C 8956, 2014 WL 4413790, at *12 (N.D. Ill. Sept. 5, 2014) ("For these reasons, we find that the ALJ's credibility assessment lacks adequate explanation and leaves us unable to trace the path of her reasoning. As a result, remand is required."); *Warnell*, 97 F.4th at 1053-54 (ALJs must "provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review").

     Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's RFC is properly derived and the ALJ's ultimate determination is properly supported.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [17] is granted in part, and the Commissioner's cross-motion for summary judgment [21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:**     **November 13, 2024**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**